UNITED STATES, Appellee

v.

James E. KLAUCK, Aviation Electrician's Mate Third Class, U.S. Navy, Appellant.

No. 96–1338.
Crim.App. No. 95–1422.

U.S. Court of Appeals for the Armed Forces.

Submitted April 14, 1997.

Decided Sept. 3, 1997.

For Appellant: *Lieutenant Estela I. Velez,* JAGC, USNR (on brief).

For Appellee: *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, and *Lieutenant Commander Christian L. Reismeier,* JAGC, USN (on brief).

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried by military judge alone at a special court-martial convened at Naval Station, San Diego, California. He was convicted of violating a lawful order and aggravated assault, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 USC §§ 892 and 928, respectively. He was sentenced to forfeiture of $500.00 pay per month for 6 months; confinement for 90 days; reduction in grade to E–1; and a bad-conduct discharge. The convening authority approved the sentence, but confinement exceeding 45 days was suspended for 12 months from the date of trial. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion dated June 21, 1996.

We granted appellant's petition for review to consider his argument that engaging in sexual intercourse, while wearing a condom, with a consenting partner who was unaware that he was HIV-positive, does not amount to assault with a means likely to produce death or grievous bodily harm.[1] Viewing the evidence in the light most favorable to the Government, we are satisfied that the evidence is legally sufficient.

---

1. The issue granted review was as follows:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS CORRECTLY DECIDED THAT THE EVIDENCE WAS LEGALLY SUFFICIENT TO PROVE APPELLANT GUILTY OF AN AGGRAVATED ASSAULT WHERE THE GOVERNMENT FAILED TO PRESENT EVIDENCE THAT HETEROSEXUAL INTERCOURSE WITH A CONDOM AND WITHOUT EJACULATION CONSTITUTES A "MEANS LIKELY TO PRODUCE" GRIEVOUS BODILY HARM OR DEATH.

Appellant had tested positive for the human immunodeficiency virus (HIV) some time prior to the date of these offenses. At that time, he was counseled about the possibility of transmitting the virus, and he was instructed to warn future partners about his medical status. He also was specifically ordered not to engage in any sexual contact without the use of a condom. Finally, he was ordered to inform any sexual partner that the use of a condom would not guarantee that the virus would not be transmitted.

On the night of September 29–30, 1994, appellant sought out Petty Officer M for the purpose of engaging in sexual intercourse. Both had consumed a large quantity of alcohol on the evening in question. However, it appears from the record that this did not render the subsequent act involuntary on her part. Petty Officer M testified that, prior to intercourse, she told appellant to use a condom. Appellant apparently complied because she felt the rim of the condom around the base of appellant's penis as he entered her. Appellant did not reach a climax as he and Petty Officer M were interrupted by the Barracks Petty Officer, who told M to send her guest home.[2]

The other witness whose testimony is relevant to this issue was Captain Mitchell Carl, MD, of the Navy Medical Corps. Capt. Carl was qualified as an expert in infectious diseases and testified on transmission of HIV. He said that there is a higher risk of transmission of the virus from a male to a female, due to the fact that there is a greater volume of the virus in seminal fluid than in vaginal secretions during intercourse. He also stated that, while condoms may prevent transmission of the virus, to be effective, it is necessary that they be made of latex, that they be properly stored and lubricated, and that they be properly worn. Moreover, he testified that there is about a 6–percent rate of breakage even in properly worn condoms, thus permitting transmission of the virus. He further testified that it is possible to transmit the virus without ejaculating because the virus is present in the pre-ejaculate fluid.

We have no difficulty in concluding that the evidence is sufficient to sustain the findings. The fact that a male uses a condom during sexual intercourse is not a defense to assault with a means or force likely to produce death or grievous bodily harm. We reiterate what we stated in *United States v. Joseph*, 37 MJ 392 (1993):

> Use of a condom only separates the victim from HIV-laden seminal/vaginal fluid by a few millimeters of latex. Further, the risks of breakage, spillage, defective workmanship, improper or careless usage, and even permeability under certain circumstances are well documented and were well known to appellant....

> Depending on the circumstances of a particular case, we believe a factfinder could rationally find even ostensibly protected intercourse to be a "means ... likely to produce death or grievous bodily harm." INDEED, ANY TIME A PERSON WILLFULLY OR DELIBERATELY EXPOSES AN UNSUSPECTING VICTIM TO A DEADLY OR DEBILITATING DISEASE OR INFECTION, SUCH AS HIV, POLIO, HEPATITIS B, OR CERTAIN VENEREAL DISEASES, THE ACTOR MAY BE LIABLE FOR AN AGGRAVATED ASSAULT—OR WORSE....

\* \* \*

> [T]he question is not the statistical probability of HIV invading the victim's body, but rather the likelihood of the virus causing death or serious bodily harm *if* it invades the victim's body. The probability of infection need only be "more than merely a fanciful, speculative, or remote possibility."

*Id.* at 396–97 (citations omitted), quoting *United States v. Johnson*, 30 MJ 53, 57 (CMA 1990).

Appellant knew well that use of a condom might not prevent transmission of his dis-

---

2. Petty Officer M did not report this matter to anyone for about 2 weeks. She then learned that appellant was HIV-positive. She was tested herself and then reported the incident to the Naval Criminal Investigative Service. At the time of trial, she was not HIV-positive herself.

ease. Yet he chose to expose Petty Officer M to the possibility that she might become infected. As the expert testimony of Capt. Carl clearly demonstrated, appellant's use of a condom was effective only to the extent that it had been properly stored, lubricated, and worn. Moreover, even if properly worn, there was a significant chance that it could break or otherwise fail to prevent the transmission of the virus. Thus there was more than a "remote possibility" of death or grievous bodily harm to Petty Officer M.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.